09-0433-cr
USA v. Plata-Zuniga

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

**S U M M A R Y   O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand ten.

Present:
> JON O. NEWMAN,
> RALPH K. WINTER,
> REENA RAGGI,
> > Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,
> Appellee,

     v.                     No. 09-0433-cr

JUAN ALEJANDRO PLATA-ZUNIGA,
> Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARING FOR APPELLANT:    David J. Goldstein, Goldstein & Weinstein, Bronx, New York.

APPEARING FOR APPELLEE:    Lev L. Dassin, Acting United States Attorney for the Southern District of New York (Mark D. Lanpher and Katherine Polk Failla, Assistant United States Attorneys, of counsel), New York, New York.

Appeal from the January 30, 2009 judgment of the United States District Court for the Southern District of New York (Batts, J.).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court is AFFIRMED.

Juan Plata-Zuniga appeals from the sentence imposed by Judge Batts following his guilty plea to a charge of illegal reentry into the United States. 8 U.S.C. §§ 1326(a), (b)(2). We assume the parties' familiarity with the facts and various proceedings in this court and the district court.

We review a district court's sentence under a "deferential abuse-of-discretion standard." See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)) (internal quotation marks omitted). We review for procedural or substantive error. Cavera, 550 F.3d at 189. We find procedural error where a district court "fails to calculate the Guidelines range . . . [,] makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." Id. at 190 (internal citations omitted). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." Id. "[W]e will not substitute our own judgment for the district court's on

2

the question of what is sufficient to meet the § 3553(a) considerations in any particular case." Id. at 189.

Appellant argues that the district court committed procedural error by failing to articulate specific reasons for his sentence, and, in particular, neglecting to enunciate any of the factors under 18 U.S.C. § 3553(a)'s so-called "parsimony clause," see United States v. Habbas, 527 F.3d 266, 274 (2d Cir. 2008). Although the district court is required to give the reasons for imposing its chosen sentence, 18 U.S.C. § 3553(c), there is no requirement as to the length or detail of the district court's explanation. United States v. Villafuerte, 502 F.3d 204, 210 (2d Cir. 2007) ("When the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation . . . ."); see also Rita v. United States, 551 U.S. 338, 356 (2007) (holding that Section 3553(c) does not require a full opinion in every case). Nor is there a duty upon the district court to discuss each factor of Section 3553(a) with particularity. United States v. Banks, 464 F.3d 184, 190 (2d Cir. 2006) ("There is no requirement that the court mention the required factors, much less explain how each factor affected the court's decision."); United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually . . . .").

In the instant case, the district court explained that it "considered the submissions of the parties, the defendant's

3

guilty plea and relevant sections of the advisory sentencing guidelines, and the sentencing factors set forth in [Section 3553(a)]" to determine that a non-Guideline sentence was not warranted. Sent. Tr. at 7. In addition, the court denied a downward departure "based on the factors contained in . . . Section 3553(a)." Id. at 7-8. Included in the written submissions of the parties were repeated references to the parsimony clause, as well as other sentencing arguments and considerations for the district court to weigh in its sentencing decision. Although it omitted a particularized discussion of each relevant sentencing factor, the district court's sentencing explanation was sufficient to meet the objects of Section 3553(c). Specifically, it: (i) informed appellant of "the reasons for his sentence," (ii) allowed this court meaningful review, (iii) enabled the public to understand why appellant received his sentence, and (iv) "guide[d] probation officers and prison officials in developing a program to meet [appellant's] needs." See United States v. Molina, 356 F.3d 269, 277 (2d Cir. 2004) (explaining the underlying objectives of § 3553(c)). Accordingly, we find no procedural error.

Appellant also argues that the district court's sentence was substantively unreasonable because it rejected his claims for a downward departure. In particular, he notes his role as sole-care provider to his 83-year-old mother, who currently resides in the United States and suffers from severe cardiac dysfunction. However, given the facts that appellant has five felony

4

convictions, that he did not stay with his wife and child upon reentry, and that seriously ill relatives are not uncommon among incarcerated prisoners, we find no unreasonableness in the sentence, which is at the low end of the Guidelines range.

Last, appellant argues that the district court misunderstood the applicable legal standards for variance from the Guidelines. He asserts that the district court erroneously required a basis for departure to support a non-Guidelines sentence, based on the district court's statement at sentencing that "there is no reason to depart from the advisory sentencing guideline range."  Sent. Tr. at 7.  However, when viewed in the broader context of the sentencing transcript, this excerpt provides no indication that the district court misunderstood the applicable legal standards as to the issuance of a non-Guideline sentence.  The district court's statement, when read in full, indicates that it found no reason to depart from the Guidelines based on the submissions of the parties, the defendant's guilty plea, relevant sections of the Guidelines, and the factors set forth in Section 3553(a).

For the foregoing reasons, the judgment order of the district court is AFFIRMED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

5